FILED

03/22/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2017

## STATE OF TENNESSEE v. WILLIAM CRAYTON

**Appeal from the Criminal Court for Shelby County**
**No. 08-07626    Lee V. Coffee, Judge**

_____

**No. W2016-01408-CCA-R3-CD**

_____

The defendant, William Crayton, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2009 Shelby County Criminal Court jury conviction of criminal attempt to commit first degree murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

William Crayton, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Shelby County Grand Jury charged the defendant with criminal attempt to commit first degree murder and employing a firearm during the commission of a dangerous felony. A Shelby County Criminal Court jury convicted the defendant of criminal attempt to commit first degree murder, and the trial court dismissed the firearm charge on the basis that the underlying offense was "'not an enumerated offense for which the jury could return a verdict on the second count of that indictment.'" *State v. William Crayton*, No.W2009-02573-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App, Jackson, Jan. 13, 2012). Following a sentencing hearing, the trial court sentenced the defendant as a repeat violent offender and imposed a sentence of life without parole. *Id.* This court affirmed the conviction and sentence on direct appeal. *See id.*, slip op. at 1.

On June 8, 2016, the defendant moved the trial court under Rule 36.1 to correct his sentence, arguing that the trial court erroneously allowed the State to impeach him at trial with a prior second degree murder conviction that was more than 10 years old and that "the trial court failed to file proper notice to seek enhanced sentencing pursuant to T.C.A. [§] 40-35-202(a)," thus requiring resentencing of the defendant as a Range I offender. The trial court summarily dismissed the motion via a written order filed on June 21, 2016.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief, generally arguing that his sentence was unauthorized due to his characterization as a repeat violent offender. The defendant also raises new issues on appeal, challenging the language in his indictment and claiming that the State withheld evidence "to support his illegal sentence claim," violating the tenets of *Brady v. Maryland*, 373 U.S. 83 (1963).

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

In the instant case, with respect to the defendant's issues pertaining to his indictment and alleged discovery violations, such issues were never raised before the trial court. "Issues raised for the first time on appeal are considered waived." *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996); *see also* Tenn. R. App. P. 36(b). To the extent the defendant addresses the issues that were before the trial court, he merely makes a conclusory statement – styled as an issue heading – that his sentence was unauthorized due to the improper imposition of repeat violent offender status which "adversely affected" his rights; this issue is unsupported by any argument, citation to authorities, or citation to the record. As such, that issue has also been waived. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this

court."). In any event, the defendant was convicted of criminal attempt to commit first degree murder, a Class A felony. Because the record before us establishes that the defendant was a repeat violent offender with a prior conviction for second degree murder, the sentence of life without parole was authorized at the time of the conviction offense and does not contravene any applicable statute. *See generally* T.C.A. § 40-35-120.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE